IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ESTER WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-1307-G |
| | § | |
| CHASE HOME FINANCE, LLC, et al., | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this pro se case was automatically referred for pretrial management. Before the Court is *Defendants' Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim Upon Which Relief Can Be Granted*, filed December 19, 2013. (doc. 11.) Based on the relevant filings and applicable law, the motion should be **GRANTED.**

## I. BACKGROUND

This case involves the foreclosure of real property located at 245 Creekwood Drive, Lancaster, Texas 75146 (the Property). (Orig. Pet. (doc. 1-5) at 2.) On January 22, 2013, Ester Williams (Plaintiff) sued Chase Home Finance, LLC (Chase) and Deutsche Bank National Trust, as Trustee for Long Beach Mortgage Loan Trust 2004-5 (Deutsche) (collectively, Defendants) in state court. (*Id.*) On January 30, 2013, she filed an amended petition asserting claims for violations of the Texas Debt Collation Practices Act (TDCPA) and the Deceptive Trade Practices Act (DTPA), unreasonable collection efforts, "gross negligence," quiet title, trespass to try title, violation of the Truth in Lending Act (TILA) and Regulation Z (its implementing regulation), and the Real Estate Settlement Procedures Act (RESPA). (doc. 1-8) She sought damages, attorney's fees, court costs,

declaratory judgment, and injunctive relief to restrain Defendants from evicting her from the Property.  (*Id.*)  On March 29, 2013, Defendants removed the action to federal court, asserting diversity jurisdiction under 28 U.S.C. § 1332.  (doc. 1 at 2–3.)[1]  On November 22, 2013, dismissal was recommended for failure to state a claim upon which relief can be granted.  (doc. 9.)

On December 5, 2013, Plaintiff filed her second amended complaint.  (doc. 10.)  It explicitly asserts claims for violations of the TDCPA and the DTPA, "gross negligence," declaratory judgment, quiet title, trespass to try title, and "predatory lending and mortgage fraud".  (doc. 10 at 6-10.)  Liberally construed, the second amended complaint also asserts claims for unreasonable collection efforts, violation of TILA and Regulation Z (its implementing regulation), RESPA, an accounting, and breach of contract.  (*Id.* at 7-8.)  Plaintiff seeks damages, attorney's fees, court costs, declaratory judgment, and injunctive relief to restrain Defendants from evicting her.  (*Id.* at 4-9.)

Plaintiff alleges that she purchased the Property on June 22, 2004, for $257,000.00.  (*Id.* at 2.)  She obtained a loan from Long Beach Mortgage (LBM) for $205,600.00 (the primary loan) to cover 80 percent of the purchase price, and she executed an "adjustable rate" promissory note and a deed of trust granting a first lien on the Property in favor of LBM.  (*Id.* at 2; doc. 1-8 at 11, 24–28, 40.)  She borrowed $51,400.00 from the sellers to cover the remaining 20 percent (the secondary loan), and she signed another promissory note and "warranty deed" granting a "second and inferior vendor's lien" on the Property in their favor.  (*Id.* at 2; doc. 1-8 at 11, 20.)

In 2008, the "mortgage company"[2] allegedly increased the interest rate on the primary loan

---

[1]Defendants contend that their notice of removal is timely because Plaintiff never served them with process. (*See* doc. 1 at 3.)

[2]The second amended complaint states that Chase's predecessor, "Washington Mutual" (WM), was the "mortgage company" during the time of the events giving rise to Plaintiff's claims.  (*See* doc. 10 at 2.)  Plaintiff's allegations against WM are therefore considered as if asserted against Chase. *See Enis v. Bank of Am., N.A.*, No. 3:12-

without giving her "prior, written notification." (doc. 10 at 2.) "Because of such a rapid and high jump in the interest rate, Plaintiff fell behind on her mortgage payments." (*Id.*) She contacted Chase to request "loan counseling" and a "modification." (*Id.* at 3.) On February 4, 2008, Chase denied her eligibility for its "loss mitigation program," explaining that it was "unable to obtain clear title to the Property." (doc.1-8 at 29.)

On October 6, 2009, the substitute trustee sold the Property to Deutsche at a foreclosure sale for $127,100.00. (*Id.* at 40.) "Defendants" brought a subsequent forcible detainer action against her. (doc. 10 at 3.) She sued them for "wrongful foreclosure" and obtained a Temporary Restraining Order (TRO) enjoining her eviction. (*Id.* at 3-4.) Her suit was "dismissed without prejudice" for failure to comply with a court order. (*Id.* at 3-4; doc. 1-8 at 31.) Between September 2011 and February 2012, she made payments of $800 "to the court" for Deutsche's benefit. (*Id.* at 4; doc. 1-8 at 32–37.) On January 10, 2013, the Dallas County Sheriff served her with a notice to vacate the Property. (doc. 1-8 at 38.)

On December 19, 2013, Defendants moved to dismiss Plaintiff's second amended complaint. (doc. 5.) With a timely filed response (doc.14) and reply (doc. 15), the motion is now ripe.

## II.  RULE 12(b)(6) MOTION

Defendants move to dismiss Plaintiff's second amended complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (doc. 11.)

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be

---

CV-0295-D, 2012 WL 4741073, at *1 (N.D. Tex. Oct. 3, 2012) (Fitzwater, C.J.) ("Because BOA is BAC's successor by merger, the court will consider BAC's conduct as if it were BOA's in addressing [the plaintiff's] claims."); *see also* Tex. Bus. Orgs. Code Ann. § 10.008(a) (3), (5) (West 2011) (providing that "all liabilities and obligations" of the merged entity "are allocated to . . . the surviving" entity, and any proceedings pending against the merged entity "may be continued as if the merger did not occur").

granted.  Fed. R. Civ. P. 12(b)(6).  Rule 12(b)(6) motions are disfavored and rarely granted.  *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981).  Under the 12(b)(6) standard, courts cannot look beyond the face of the pleadings.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).  Regardless of whether a plaintiff is proceeding *pro se* or through counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *Baker*, 75 F.3d at 196.  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and that a recovery is very remote and unlikely."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (quotation marks omitted).  Still, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to

relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted).  When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion.  *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196.  Pleadings in the 12(b)(6) context include attachments to the complaint.  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins*, 224 F.3d at 499 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003).  In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).  When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion.  *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007).  "If . . . matters outside the pleading[s] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).

Here, Plaintiff attached to her first amended petition copies of what appear to be a "loan

settlement statement" signed at loan closing on June 22, 2004, correspondence between her and the sellers, the warranty deed she signed in the sellers' favor, the adjustable rate note she signed in LBM's favor, Chase's letter denying her eligibility for its loss mitigation program, news articles, and five receipts from the state court for payments she made for Deutsche's account.  (doc. 1-8 at 11–37.)  Because these documents are referenced in Plaintiff's second amended complaint and are central to their claims, they are considered part of the pleadings, and conversion of the motion to dismiss into a motion for summary is unnecessary.

### III.  PREVIOUSLY ASSERTED CLAIMS

Defendants move to dismiss all the claims previously asserted in Plaintiff's amended petition, i.e., violations of the TDCPA and DTPA, unreasonable collection efforts, "gross negligence," and suit to quiet title and trespass to try title as well as the liberally construed claims under TILA, Regulation Z, and RESPA.  (doc. 11 at 2-4.)  Defendants also move to dismiss her request for declaratory judgment.  (*Id.*)  They argue that Plaintiff "almost wholly regurgitates and reiterates her previous claims (or her contentions in her Response to the previous Motion to Dismiss), including her TDCPA claims which have been dismissed", that all of the necessary elements have not been pled, and that a claim for relief on those claims have not been sufficiently stated.  (*Id.* at 2, 4.)

### A.     TDCPA[3]

Plaintiff reasserts her claims for violations of the TDCPA.  Her claims in the second amended complaint appear to be based on the same allegations as in her first amended petition.  The Court has already dismissed this claim as time-barred.  (*See* docs. 9 at 5-7; 13.)  Accordingly,

---

[3]Although Plaintiff also lists the Texas Consumer Credit Code in the title of this claim, her substantive allegations implicate only the TDCPA.  (*See* doc. 10 at 6.)

Plaintiff's TDCPA claims in her second amended complaint should again be dismissed.

**B.     DTPA**

Plaintiff asserts her DTPA claim under the "tie-in" provision of the TDCPA.  (*See* doc. 10

at 7.)  She asserts that "[p]ursuant to Section 392.404, of the Texas Finance Code,[4] all [of] the above

and foregoing violations of the Texas Finance [C]ode are considered to be deceptive trade

practices...[;][t]herefore, Plaintiff may also be entitled to a recovery of her actual damages and any

other relief ... pursuant to Section 17.50 of the Texas Deceptive Trade Practices Act." (*Id.*)  Because

Plaintiff fails to state a plausible TDCPA claim, her claims for violations of the DTPA necessarily

fail.  Defendants' motion to dismiss this claim should be granted.

**C.     Unreasonable Collection Efforts[5]**

While the intentional tort of "unreasonable collection efforts" does not have a precise

definition, courts in Texas generally define it as "efforts that amount to a course of harassment that

[is] willful, wanton, malicious, and intended to inflict mental anguish and bodily harm."  *Sanghera*

*v. Wells Fargo Bank, N.A.*, No. 3:10-cv-2414-B, 2012 WL 555155, at *6 (N.D. Tex. Feb. 21, 2012)

(citing *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex. App.—Dallas 2008, no pet.)).[6]

Generally, "damages for mental anguish unaccompanied by physical injury are recoverable . . . if

at all, only as a result of the most egregious abuses in debt collection."  *McDonald v. Bennett*, 674

---

[4]Section 392.404 of the Texas Finance Code provides that a violation of Chapter 392 of the Texas Finance Code is a "deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code, and is actionable under that subchapter."  Tex. Fin. Code § 392.404.

[5]Defendants note that although there is no heading in the second amended complaint entitled "Unreasonable Collection Efforts," it contains several of the same paragraphs alleging unreasonable collect efforts as the prior petition. (*See* doc. 11 at 3.)

[6]Noting that "the Texas Supreme Court has never delineated a standard for this tort," the Fifth Circuit has upheld the standard set out in *Jones*.  *See De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 Fed. App'x 200, 204–05 (5th Cir. 2012).

F.2d 1080, 1088 (5th Cir. 1982).

Here, Plaintiff asserts that Chase's acts have been unreasonable and have defamed her credit, causing her economic damages and "humiliation and ridicule in her community", "sever[e] mental anguish, emotional [dis]stress, emotional suffering and loss of income."  (doc. 10 at 7.)  The introduction section of her second amended complaint alleges that Chase raised her interest rate without prior notice and denied her request for a loan modification.  (*Id*. at 2-3.)  These allegations could not plausibly entitle her to relief as a matter of law because courts have found that a lender's failure to offer foreclosure alternatives does not constitute unreasonable collection efforts.  *See, e.g., Sanghera*, 2012 WL 555155, at *7 (holding that the defendant's foreclosure after having promised not to foreclose and after having accepted partial payments under a modification plan did "not, as a matter of law, rise to a level of 'efforts that amount to a course of harassment that was willful, wanton, and malicious'") (citation omitted); *Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 814–15 (N.D. Tex. 2012) (holding that defendant's alleged conduct of failing to give plaintiff the opportunity to reinstate or cure the default and intentionally misleading and delaying him to the point of foreclosure did not constitute unreasonable collection efforts).

Because Plaintiff's allegations fail to raise a reasonable inference that Chase engaged in unreasonable collection efforts, Defendants' motion to dismiss this claim should be granted.

### D.   Gross Negligence

In Texas, "gross negligence is not a separate cause of action apart from negligence."[7] *RLI*

---

[7] The elements of a "negligence" cause of action under Texas law are: (1) the existence of a legal duty; (2) a breach of that duty; and (3) damages proximately caused by that breach. *NetVet Grp. v. Fagin*, No. 3:10-CV-1934-BH, 2011 WL 2601526, at *6 (N.D. Tex. July 1, 2011) (citing *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540–41 (5th Cir. 2005)). "Gross negligence" has two additional elements: "(1) viewed objectively from the standpoint of the actor, the act or omission must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed with conscious indifference to the rights, safety, or welfare of others."  *Id.* (citing *Great Plains Trust Co. v.*

*Ins. Co. v. Union Pac. R. Co.*, 463 F. Supp. 2d 646, 649–50 (S.D. Tex. 2006) (citing *Prati v. New Prime, Inc.,* 949 S.W.2d 552, 557 (Tex. App.—Amarillo 1997, writ denied)).  "Rather, the degree of negligence characterized as gross negligence is relevant only to a recovery of exemplary damages." *Id.* (citing *Riley v. Champion Int'l Corp.*, 973 F. Supp. 634, 641 (E.D. Tex. 1997)).  "[A] plaintiff cannot recover exemplary damages," however, "until he or she proves an entitlement to actual damages." *Newman v. Tropical Visions, Inc.*, 891 S.W.2d 713, 721–22 (Tex. App.—San Antonio 1994, writ denied) (citing cases); *accord Riley v. Champion Int'l Corp.*, 973 F. Supp. 634, 648 (E.D. Tex. 1997) ("Recovery of actual damages in tort is necessary to pursue a gross negligence claim.").

Plaintiff alleges that Chase denied her request for a loan modification, failed "to provide a clear chain of title and offered no remedy," and failed to provide notice of the interest rate increase." (doc. 10 at 9.)  "Defendants" had "actual knowledge of the risk" these actions would have on her "but continued these actions without conscious indifference to Plaintiff and her rights and welfare." (*Id*. at 8-9.)  Therefore, "it was inevitable that Plaintiff would [lose] her home."  (*Id.* at 9.)  Her assertions are more a recitation of the elements of her claim than specific allegations of wrongdoing. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for relief.) (citing *Twombly*, 550 U.S. at 555).  Because Plaintiff does not assert a negligence claim and has failed to plead a plausible claim for unreasonable collection efforts (the only tort claim she does assert), she fails to state a plausible claim for exemplary damages.  *See RLI Ins. Co.*, 463 F. Supp. 2d at 649–50; *Riley*, 973 F. Supp. at 648.  Defendants' motion to dismiss this claim should be granted.

---

*Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 314 (5th Cir. 2002)); *see also* Tex. Civ. Prac. & Rem. Code § 41.001.

**E.**     **Suit to Quiet Title and Trespass to Try Title**

A suit to quiet title, also known as a claim to remove cloud from title, "relies on the invalidity of the defendant's claim to property." *Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App.—Houston [1st Dist.] 2011, no pet.). This suit "enable[s] the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right." *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.) (citation and internal quotation marks omitted). To prevail, a plaintiff must show that: (1) he has an interest in a specific property; (2) his title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable. *Hurd v. BAC Home Loan Servicing, LP*, 880 F. Supp. 2d 747, 766 (N.D.Tex. 2012) (citing *U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011, no pet.) (mem. op.)). The plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." *Id.* at 766–67 (citing *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied)). The plaintiff must prove and recover on the strength of his own title, not on the weakness of his adversary's title. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.).

"An action in trespass to try title is the method of determining title to lands, tenements, or other real property." Tex. Prop. Code Ann. § 22.001 (West 2000). This action "is in its nature a suit to recover the possession of land unlawfully withheld from the owner and to which he has the right of immediate possession." *Rocha v. Campos*, 574 S.W.2d 233, 235 (Tex. App.—Corpus Christi 1978, no writ.) (citations omitted). To prevail, a plaintiff must either: "(1) prove a regular chain of

conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Hurd*, 880 F. Supp. 2d at 767 (citing *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004)). As with a suit to quiet title, the plaintiff "must recover upon the strength of his own title and not the weakness of the defendant's title." *Rocha*, 574 S.W.2d at 236 (citing to *Hejl v. Wirth*, 343 S.W.2d 226 (Tex. 1961) and *Kauffman v. Shellworth*, 64 Tex. 179 (1885)).

Plaintiff complains that "[Deutsche's] claim to title and possession of the property [is] improper." (doc. 10 at 10.) She claims to have "an equitable interest in the property" because she paid off the second lien on the property and "obtained a [lien] release" from the sellers. (*Id.*) She seeks to set aside the foreclosure, or "at the very least," to "recover the amount that she paid" in connection with the secondary loan and improvements she made to the Property. (*Id.*)

Plaintiff acknowledges that paying off the second lien does not give her superior title to the Property. (*Id.*) She contends that the second lien holder has legal right to restrict the first lien holder to "short sell" the property and the second lien holder would have to "resubordinate." (*Id.*) However, Plaintiff provides no authority for this assertion, and she fails to explain how it would entitle her to relief on a suit to quiet title or a trespass to try title. Additionally, while the principal amount of her primary loan was $205,600.00, the substitute trustee sold the Property at foreclosure for only $127,100.00. (*See* doc. 1-8 at 40.) Because she does not contend, and nothing in the pleadings indicates, that the principal due on the primary loan had decreased to less than $127,100.00 by the time of the foreclosure in October 2009, her allegations fail to state a plausible claim that she was entitled to receive a "reimbursement" from Chase, the foreclosing mortgagee. *See Grant v. U.S. Dep't of Veterans' Affairs*, 827 F. Supp. 418, 422 (S.D. Tex. 1993), *aff'd sub nom.*

*Grant v. Dep't of Veterans*, 35 F.3d 562 (5th Cir. 1994) ("In Texas, upon a valid foreclosure sale, the mortgagee is entitled to a judgment against the mortgagor for the amount of the note, interest and attorney's fees, less the amount received at the foreclosure sale and other legitimate credits," and if "the foreclosure sale produces a surplus, the mortgagor is entitled to receive it.") (citations omitted).  Her allegations also fail to raise a reasonable inference that she has superior title to the Property vis-à-vis Deutsche, the purchaser at foreclosure.  *See id.* at 422 ("Under Texas law, [] the purchaser at a valid foreclosure sale takes full and complete record title, free of all liens, as against the mortgagor of the property.") (citing *Jeffrey v. Bond*, 509 S.W.2d 563, 565 (Tex. 1974); *Corn v. First Texas Joint Stock Land Bank of Houston*, 131 S.W.2d 752, 757 (Tex. Civ. App.—Fort Worth 1939, writ ref'd)).

Because Plaintiff's allegations are factually and legally unsupported, she fails to state plausible claims for quiet title and trespass to try title.  Defendants' motion to dismiss these claims should be granted.  *See Hurd*, 880 F. Supp. 2d at 767.

## F.   TILA and Regulation Z

The second amended complaint can be liberally construed to assert a claim under TILA and Regulation Z.  (*See* doc. 10 at 7-8.)

TILA, 15 U.S.C. § 1601 *et seq.*, was enacted as part of the Consumer Credit Protection Act of 1968 "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing . . . practices." 15 U.S.C.A. § 1601(a) (West 2011).  Among other things, TILA and Regulation Z, promulgated by the Federal Reserve Board to implement TILA, require lenders to make numerous disclosures to the

consumer, including the amount financed, the finance charge, and information regarding debt cancellation.  *See* 15 U.S.C.A. § 1639(a); 12 C.F.R. §§ 226.1(a), 226.17–18.

The second amended complaint asserts that "Defendants" (i.e., Chase) violated TILA and Regulation Z "by denying Plaintiff ['s request for] loan counseling and [a] loan modification" and by not upholding its agreement to reinstate the loan and modify the payments.  (doc. 10 at 7.)  She does not state how these actions implicate TILA's and Regulation Z's disclosure requirements, and she fails to identify a provision that requires a lender to grant a borrower's request for a loan modification.  Because Plaintiff fails to state a claim under TILA and Regulation Z that is plausible on its face, Defendants' motion to dismiss this claim should be granted.

## G.   **RESPA**

Plaintiff's allegations also implicate a claim under RESPA.  (*See* doc. 10 at 7.)  RESPA "requires mortgage lenders to clearly and completely disclose settlement costs to borrowers and prohibits predatory practices in the settlement process."  *Val-Com Acquisitions Trust v. Chase Home Fin. LLC*, 3:10-CV-1214-K, 2011 WL 1938146, at *3 (N.D. Tex. May 19, 2011) (citing 12 U.S.C.A. §§  2601(a), 2605–2608 (West 2011)).

According to the second amended complaint, "Defendants" (i.e., Chase) violated RESPA by denying Plaintiff's request for loan counseling and a loan modification, and by not upholding its agreement to reinstate the loan and modify the loan payments.  (doc. 10 at 7.)  As with her TILA claim, however, Plaintiff fails to specify a RESPA provision that requires a lender to modify a borrower's mortgage upon default.  Without more, she fails to state a viable claim under RESPA, and Defendants' motion to dismiss Plaintiff's RESPA claim should be granted.

## H.   <u>Declaratory Judgment</u>

Plaintiff requests a declaration under the Texas Declaratory Judgments Act, codified in §§ 37.001–37.011 of the Tex. Civ. Prac. & Rem. Code, that she had superior title to the Property "at the time that the loan modification was denied."  (doc. 10 at 9.)  "The Texas act is a procedural, rather than substantive, provision, and would generally not apply to a removed action" such as this one. *See Brock v. Fed. Nat'l Mortg. Ass'n*, No. 4:11-CV-211-A, 2012 WL 620550, at *5 (N.D. Tex. Feb. 24, 2012).  The action may nevertheless be construed as one brought under the federal Declaratory Judgment Act (DJA), 28 U.S.C. §§ 2201, 2202.  *See Bell v. Bank of Am. Home Loan Servicing LP*, No. 4:11-CV-02085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) ("When a declaratory judgment action is filed in state court and is subsequently removed to federal court, it is converted to one brought under the federal [DJA].").

The DJA provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C.A. § 2201 (West 2010).  The Act "does not create a substantive cause of action," however, but "is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law." *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, No. 3:03-CV-1658-D, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009) (Fitzwater, C.J.) (citations and internal quotation marks omitted).  It is an authorization, not a command, that provides broad but "not unfettered" discretion to grant or refuse declaratory judgment. *Id.*

Given Plaintiff's failure to state a viable claim for relief against Defendants or show that a genuine controversy exists between the parties, her declaratory judgment claim should be dismissed.

*See Bell*, 2012 WL 568755, at *8 (denying the plaintiff's request for declaratory judgment where she had alleged no facts leading to a conclusion that a present controversy existed between her and the defendant); *Turner v. AmericaHomeKey, Inc.*, 2011 WL 3606688, at *5–6 (N.D. Tex. Aug. 16, 2011) (Fitzwater, C.J.), *aff'd*, 2013 WL 657772 (5th Cir. Feb. 22, 2013) (declining to entertain the plaintiff's request for declaratory judgment where he had not pleaded a plausible substantive claim). Defendants' motion to dismiss Plaintiff's request for declaratory judgment should be granted.

## I.   <u>Injunctive Relief</u>

 "To obtain injunctive relief, [a] plaintiff is required to plead and prove, inter alia, 'a substantial likelihood of success on the merits.'" *Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-507-A, 2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)).  Because Plaintiff's substantive claims are subject to dismissal on the merits, she cannot establish any likelihood of success on the merits.  *See Jackson*, 2011 WL 3874860, at *3.  Accordingly, her request for injunctive relief should be denied.

## IV.  NEW CLAIMS

Defendants seek to dismiss Plaintiff's new claim for "predatory lending and mortgage fraud" because it fails to state a claim.  (doc. 11 at 4.)

## A.   <u>Predatory Lending and Mortgage Fraud</u>

Plaintiff alleges that she is a victim of predatory lending and mortgage fraud because she entered into a mortgage and can state viable causes of actions for fraud and violation of unfair competition law "on the premise that her loan document failed to disclose the essential terms of her loan", and because her mortgage is set up to cause negative amortization.  (doc. 10 at 13.)  She appears to base her claim for "predatory lending and mortgage fraud" on purported causes of action

for fraud and "violation of unfair competition law."  (*See* doc. 10 at 10.)

Plaintiff's claim necessarily fails as a matter of law because she fails to specify any state or applicable federal law that creates a cause of action for predatory lending.  *See Belanger v. BAC Home Loans Servicing, L.P.*, 839 F.Supp.2d 873,876 (W.D.Tex. 2011)("Plaintiff's "first claim - predatory lending - can be dismissed with dispatch.  No Texas court has recognized an independent cause of action for 'predatory lending.'"); *Renfrow v. CTX Mortgage Co., LLC*, No. 3:11-cv-3132-L, 2012 WL 3582752, at *9 (N.D.Tex. Aug. 20, 2012)("No Texas Court has recognized an independent cause of action for predatory lending.")(internal citations omitted); *Smith v. Nat'l City Mortgage*, No. A-09-cv-881 LY, 2010 WL 3338537, at *13 (W.D Tex. Aug. 23, 2010)(dismissing predatory lending claim where "[p]laintiffs fail to specify which constitutional provision or statute Defendants have violated by their alleged predatory lending").  She also fails to state which terms of her loan were not disclosed. *Bittick v. JPMorgan Chase Bank, N.A.*, No. 4:11-cv-812-A, 2012 WL 1372126, at *5 (N.D.Tex. 2012) (dismissing predatory lending claim where plaintiff failed to specify which disclosures allegedly required by TILA and RESPA he did not receive).

## B.   <u>Fraud</u>

 Defendants argue that to the extent Plaintiff alleges a claim for fraud, it should be dismissed because she fails to state the circumstances of fraud with particularity pursuant to Fed. R. Civ. P. 9(b).  (doc. 11 at 4.)  They also argue that if the alleged fraud took place in 2004, as Plaintiff contends, her claim is barred by the four-year statute of limitations.  (doc. 15 at 2.)

"The elements of fraud in Texas are (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation[,] the defendant knew it was false or made the representation recklessly and

without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury." *Shandong Yinguang Chem. Indus. Joint Stock Co. Ltd., v. Potter*, 607 F.3d 1029, 1032–33 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)).

A dismissal for failure to plead fraud with particularity pursuant to Rule 9(b) is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *McCall v. Genentech, Inc.*, 2011 WL 2312280, at *3 (N.D. Tex. June 9, 2011) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)). Rule 9(b) contains a heightened pleading standard and requires a plaintiff to plead the circumstances constituting fraud with particularity. *See* Fed. R. Civ. P. 9(b); *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out" with respect to a fraud claim. *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).

Plaintiff states that she can state a viable cause of action for fraud based on fraudulent omissions, and because her "loan document" failed to disclose essential terms of her loan and her Adjustable Rate Mortgage" is set up to cause negative amortization. (doc. 10 at 10-11.) She contends that the fraud took place on June 22, 2004, at the title company where she closed on the loan. (doc. 14 at 6.)

Given her vague and conclusory allegations, Plaintiff fails to meet the heightened pleading

requirements of Rule 9(b) with respect to her fraud claim.  Specifically, she fails to lay out "the who, what, when, where, and how" with respect to the claim. *Benchmark Electronics*, 343 F.3d at 724. As noted, "articulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams*, 112 F.3d at 177.  Plaintiff's fraud claim must be dismissed for failure to meet the heightened pleading requirements of Rule 9(b).

In addition, because the alleged fraud took place in 2004, her fraud claim is barred by the applicable four-year statute of limitations. *See Walker v. CitiMortgage*, 2014 WL 67245; Tex. Civ. Prac. & Rem. Code 16.004(a)(4).[8]  Accordingly, Defendants' motion to dismiss Plaintiff's fraud claim should be granted.

## C.    Unfair Competition

Plaintiff also contends that she can state a viable cause of action for "violation of unfair competition law (UCL)(Bus. And Prof Code, Section 17200 et seq)."  (doc. 10 at 10.)  She appears to be referring to California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200.

To the extent Plaintiff is asserting a claim under California's UCL, her claim fails because she is not a California resident (*see* doc. 10 at 1), and she does not allege that any of the purported violations occurred in California. *See Berry v. Indianapolis Life Insurance Co.*, 638 F. Supp.2d 732, 740 n.11 (N.D. Tex. 2009)( "The UCL does not support claims by non-California residents where

---

[8]Plaintiff contends in her response that her predatory lending cause of action is asserted under the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA).  (doc. 14 at 6.)  She asserts that because there is a ten-year statute of limitations under FIRREA, the "statute of limitations has not expired under the fraud claim according to FIRREA."  (*Id*. at 7.)  She has failed to identify a provision of FIRREA that grants her a private right of action or that is intended to benefit her, however.  *See Bacon v. U.S. Bank Nat. Ass'n*, No. 4:12-cv-86, 2012 WL 4506532, at *6 (E.D.Tex. Aug. 31, 2012), *report and recommendation adopted*, 2012 WL 4490834 (E.D. Tex. Sept. 28, 2012) (finding plaintiff's claim under FIRREA should be dismissed where plaintiff did not identify any provision of FIRREA that was intended to benefit a defaulting borrower who challenges a foreclosure).

none of the alleged misconduct or injuries occurred in California.")(citing *Norwest Mortgage, Inc. v. Superior Court*, 72 Cal.App.4th 214, 85 Cal.Rptr.2d 18, 25-26 (1999)).  To the extent Plaintiff is not asserting a claim under California's UCL, her claim also fails because she does not specify the specific statute under which she is asserting the claim.  Plaintiff's unfair competition claim should be denied.[9]

## V.  POSSIBLE REMAINING CLAIMS

Although not expressly listed as claims, the allegations in Plaintiff's second amended complaint may be liberally construed as also asserting claims for an accounting and breach of contract.  The Court may *sua sponte* dismiss these claims on its own motion under Rule 12(b)(6) for failure to state a claim as long as Plaintiff has notice of the Court's intention and an opportunity respond.  *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citing *Shawnee Int'l., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)).  The fourteen-day time frame for filing objections to a recommended dismissal provides Plaintiff with notice and an opportunity to respond.  *See Ratcliff v. Coker*, No. 9:08-cv-127, 2008 WL 4500321, at *3 n. 1 (E.D. Tex. Sept. 26, 2008).

## A.     Accounting

Plaintiff requests "an Order for the accounting from the Defendant of all transactions on the loan."  (doc. 10 at 8.)

"An action for accounting may be a suit in equity, or it may be a particular remedy sought

---

[9]Defendants do not specifically move to dismiss this claim in their motion, but they do argue in their reply that Plaintiff's claim for unfair competition should be dismissed because the statute she cites is inapplicable in Texas and "not a valid assertion of a violation of Texas or federal law."  (doc. 15 at 2.)  They also expressly move to dismiss all claims associated with Plaintiff 's claim for "predatory lending and mortgage fraud."  To the extent that they did not move to dismiss this claim, it is subject to *sua sponte* dismissal for the same reasons as the remaining claims.

in conjunction with another cause of action." *Watson v. CitiMortgage, Inc.*, 814 F. Supp.2d 726, 737 (E.D.Tex. 2011) (quoting *Brown v. Cooley Enters., Inc.*, No. 3:11-cv-0124-D, 2011 WL 2200605, at *1 (N.D.Tex. June 7, 2011)). An accounting sought in equity "is proper when the facts and accounts presented are so complex [that] adequate relief may not be obtained at law." *Steele v. Green Tree Servicing, LLC*, No. 3:09-cv-0603-D, 2010 WL 3565415, at *8 (N.D.Tex. Sept. 7, 2010), *aff'd,* 453 F. App'x 473 (5th Cir. 2011)(quoting *T.F.W. Mgmt., Inc. v. Westwood Shores Prop. Owners Ass'n*, 79 S.W.3d 712, 717 (Tex.App.–Houston [14th Dist.] 2002, pet. denied). "[I]f the party can contain similar relief through standard discovery, the trial court may decline to order an accounting." *Id.* "If Plaintiffs' request for an accounting is a remedy sought rather than a cause of action, the determination of whether an accounting would be an appropriate remedy must await the determination of the liability issues." *Watson*, 814 F. Supp.2d at 737 (citing *Shields v. Ameriquest Mortg. Co.*, No. 05-06-01647-cv, 2007 WL 3317533, at *2 (Tex. App.–Dallas 2007, no pet.).

It is not clear whether Plaintiff intends to assert a separate claim for an accounting or whether she is seeking an accounting as a remedy. To the extent she asserts an equitable claim for an accounting, her allegations are insufficient to state such a claim with plausibility. There are no allegations that either the facts or the account at issue are complex, or that Plaintiff cannot obtain the accounting information she seeks through discovery. *See Brown*, 2011 WL 2200605, at *2. Therefore, she has not set forth any facts that would support a separate claim in equity for an accounting, and any such claim is subject to dismissal. To the extent Plaintiff seeks an accounting as a remedy, all of her claims are subject to dismissal, and she is therefore not entitled to relief in the form of an accounting. *See Richardson*, 873 F. Supp.2d at 817 (finding that because the court

dismissed all of plaintiff's causes of action, she was not entitled to relief in the form of an accounting).

## B.   <u>Breach of Contract</u>

Plaintiff also appears to assert a claim for breach of contract.  (*See* doc. 10 at 8.)  She contends that  TILA requires lenders who "regularly extend consumer credit for which a finance charge is imposed" to disclose key terms of the loan.  (*Id*.)   Therefore, "Defendants (i.e., Chase) breached the terms of the Deed of Trust and Adjustable Rate Note by enforcing the terms that were not bargained for and agreed upon by the Plaintiff[] and which are otherwise unlawful."  (*Id*.)

The essential elements of a breach of contract claim in Texas are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."  *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)).

Plaintiff does not identify the specific provisions of the deed of trust and note that Defendants purportedly violated. *See Williams v. Wells Fargo Bank, N.A.*, 560 Fed. App'x. 233, 238 (5th Cir. 2014) (finding plaintiffs' allegation that defendants "breached the deed of trust by deliberately or negligently accelerating the note and foreclosing on their property" failed to state a claim for breach where they failed to identify which provision of the deed of trust defendants allegedly breached); *Coleman v. Bank of America, N.A.*, No. 3:11-cv-0430-G, 2011 WL 2516169, at *1  (N.D.Tex. May 27, 2011), *report and recommendation adopted*, 2011 WL 2516668 (N.D. Tex. June 22, 2011) (finding breach of contract claim failed where "plaintiff point[ed] to no specific provision in the Deed of Trust that was breached by defendant").

Moreover, Plaintiff fails to allege that she performed or tendered performance under the deed of trust or note. She admits that she "fell behind on her mortgage payments," (doc. 10 at 2), which is a default under the note (doc. 1-8 at 26), but she never alleges that she cured the default. *See Kiper v. BAC Home Loans Servicing, LP*, 884 F. Supp. 2d 561, 575 (S.D. Tex. 2012), *aff'd*, 534 F. App'x 266 (5th Cir. 2013) (holding that plaintiff's wife (the actual borrower) had "defaulted on her obligation to repay the mortgage loan, which mean[t] [plaintiff] [could not] show the second element of a breach of contract claim, performance by plaintiff"); *Williams*, 560 Fed. App'x at 238 (finding dismissal of breach of contract claim appropriate where plaintiffs failed to allege they were current on their payments under the deed of trust).

Because she fails to allege *any* facts to support her conclusory statement, she fails to state a claim for breach of contract for this reason, and her breach of contract claim is subject to dismissal.

## VI.  OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001) (Fitzwater, C.J.). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2.  A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at * 1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at * 1.  Nevertheless, courts

may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff was granted leave to file an amended complaint regarding all her claims except her TDCPA claims after dismissal of her prior amended petition was recommended for failure to state a claim. (*See* doc. 9 at 18-19.) Her second amended complaint has also fails to state a viable claim against Defendants because her claims appear to be based on essentially the same legal theories as before. It therefore appears that she has alleged her best case.

## VIII.  RECOMMENDATION

Defendants' motion to dismiss should be **GRANTED,** and all Plaintiff's claims against them should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

**SO RECOMMENDED** on this 27th day of August, 2014.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

23

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE